## (February 6, 1962)

■ HAROLD TILLMAN, an Infant, by His Guardian ad Litem, MARGIE TILLMAN, et al., Respondents-Appellants, v. NEW YORK CITY HOUSING AUTHORITY, Appellant-Respondent, C. E. YOUNGDAHL Co., et al., Appellants, and BERNHARD LACHOW et al., Individually, and as Partners Doing Business under the Name of ESSENTIAL DEMOLITION Co., Respondents, et al., Defendants.—

Even were we to assume that the infant plaintiff did trip over the block or slab of stone extending out from the building line of Public School Building 179, which fact, in our opinion, is not satisfactorily established, nevertheless, as a matter of law the plaintiffs failed to make a case. The stone plainly

marked the end of the paved and usable portion of the sidewalk for part of its width. The surface of the ground extending immediately westerly from the west edge of the stone was unpaved, rough and stony and was not intended for use for sidewalk purposes. From the stone, the paved sidewalk narrowed from a width of three flagstones to a width of two flagstones which was ample width for pedestrian traffic in the locality. Thus, a pedestrian, traveling westerly along the school building was merely called upon to deviate his path slightly, walking to the left of the end of the stone, and thence continue on the paved walk as laid out. Under the circumstances, the block of stone served a purpose, similar to that of a curbstone, acting as a divider between the pavement and uneven ground beyond. Being eight inches wide and six inches high, it was a conspicuous object, readily observable by any sidewalk pedestrian in the exercise of reasonable care, and, moreover, the physical surroundings were such that a pedestrian, particularly in the daytime, would readily notice that the stone marked the end of a portion of the way for traveling. Thus, on the undisputed physical facts, the condition complained of was not in the nature of a trap or otherwise dangerous. Furthermore, the stone did not unreasonably interfere with the sidewalk facilities, and, generally speaking, it was the duty of pedestrians to walk around it and use that portion of the sidewalk paved for pedestrian traffic (see *King* v. *Village of Fort Ann,* 180 N. Y. 496, 501). Under all the circumstances, therefore, we hold as a matter of law that the defendants may not be charged with negligence in failing to anticipate and guard against an accident such as is alleged by plaintiffs to have happened. (See *Arthur* v. *New York City Housing Auth.,* 14 A D 2d 519; *Murray* v. *City of New York,* 276 App. Div. 765; *Clemmons* v. *Cominskey,* 1 A D 2d 933, affd. 2 N Y 2d 958.) In any event, on the record here, the finding of the jury, implicit in their verdict, that the infant plaintiff tripped over the particular slab of stone, is against the weight of the credible evidence. Therefore, if we were not dismissing the complaint of the plaintiffs, we would reverse, set aside the verdict of the jury as against the defendants New York City Housing Authority, C. E. Youngdahl Co., and Psaty & Fuhrman, Inc., and order a new trial on the ground that the verdict was against the weight of the evidence. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ. [23 Misc 2d 598.]